IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.
05 AUG 11 PM 2:36
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

GREGORY BRAY,

    Plaintiff,

vs.   No. 04-2626 MaP

GERALD STIPANUK, ET AL.,

    Defendants.

---

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Before the Court is Plaintiff Gregory Bray's Motion to Compel Discovery, filed July 6, 2005 (dkt #51). Defendants Gerald Stipanuk, Tony Cooper, and Lyle Reece filed their response on July 19, 2005. For the following reasons, the motion to compel is GRANTED in part and DENIED in part.

### I. BACKGROUND

Bray, pro se, filed a complaint pursuant to 42 U.S.C. § 1983 on August 9, 2004 in connection with his confinement at the Shelby County Criminal Justice Center. The complaint asserts a number of claims about Bray's experiences at the Justice Center. Several claims and defendants have been dismissed by the Court, but claims related to the center's officials failing to provide adequate treatment for his back injury and urination problems are still

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 8-12-05

pending. Bray sent interrogatories and document requests to the Defendants on March 28, 2005.

## II. ANALYSIS

A party may propound interrogatories or document requests, consistent with the scope of discovery permissible under Rule 26(b). Fed. R. Civ. P. 33(c); Fed. R. Civ. P. 34(a). Rule 26(b) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Despite this liberal standard, discovery is "not without limits." Elvis Presley Enter., Inc. v. Elvisly Yours, Inc., 936 F.2d 889, 893 (6th Cir. 1991). Parties may object to discovery requests when

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . . .

Fed. R. Civ. P. 26(b)(2). Under Rule 33(b)(5) and 34(b), however, the party seeking discovery may move for an order compelling responses to interrogatories and document requests if the responding party objects.

When the issue of relevance is challenged, the party seeking discovery bears the burden of proving the requested materials and information are relevant. See Fed. R. Civ. P. 26(b)(1); Treace v.

-2-

UNUM Life Ins. Co., 2004 WL 3142215, at *6 (W.D. Tenn. Aug. 10, 2004)(unpublished); Medtronic Sofamor Danek, Inc. v. Michelson, 2003 WL 23407605 (W.D. Tenn. Dec. 02, 2003)(unpublished); Allen v. Howmedica Leibinger, GmhH, 190 F.R.D. 518 (W.D. Tenn. 1999). Once the party seeking discovery has established its relevance, the burden shifts to the opposing party to demonstrate why the discovery should not be had. See Fed. R. Civ. P. 26(b)(2); Cory v. Aztec Steel Bldg., Inc., 225 F.R.D. 667, 672 (D. Kan. 2005).

In his motion to compel, Bray seeks discovery to which Defendants have objected. Although the motion does not specify the specific interrogatories and document requests Bray maintains should be produced, Bray apparently identified each discovery request that is at issue in a June 8, 2005 letter that he sent to the Defendants. Presumably, those are the specific requests that Bray currently seeks.

A.   Interrogatories

Because many of the individual interrogatories to each defendant overlap, the Court will discuss overlapping interrogatories collectively.

*Interrogatory No. 2 to Cooper and Reece*

Interrogatory No. 2 requests Cooper and Reece to describe training that each has received. In response, Defendants produced a detailed resume, but also objected to the request as being overly broad and unduly burdensome. The Court agrees with Defendants that the request is overly broad. Only training relevant to the claims

-3-

of this case would be discoverable. Moreover, the resumes provided by Defendants include professional experience and education. This Court finds the information provided by Defendant sufficiently responds to the interrogatory, and thus, no further response is necessary.

*Interrogatory No. 5 to Cooper, Reece, and Dr. Stipanuk*

Interrogatory No. 5 seeks a description of "the complete circumstances surrounding all instances in which a Code White was called for the Plaintiff." A "code white" is a prison code that notifies personnel of a medical emergency. After the code is called, medical personnel respond to the location of the code white. See Defendants Cooper and Reece's Responses to Interrogatory No. 3. Cooper responded by stating that he is not authorized to provide medical care and could not respond to the interrogatory, but he referred Bray to his previously produced medical records. Reece merely referred Bray to the medical records. Dr. Stipanuk objected to the interrogatory, arguing that it was overly broad and unduly burdensome, but he also referred Bray to the medical records.

These answers are not responsive to the interrogatory. Cooper's responses that he is not authorized to provide medical care does not respond to the interrogatory. Cooper may have knowledge of circumstances surrounding a code white regardless of whether he is authorized to provide medical care. In addition, mere reference to the medical records is an insufficient response.

-4-

See <u>Plunkett v. Nutt</u>, No. 87-3282, 1988 WL 1167, at *1 (E.D. Pa. Jan. 7, 1988)(unpublished). "Answers must be responsive, full, complete and unevasive. Insofar as practical they should be complete within themselves. Material outside the answers and their addendum ordinarily should not be incorporated by reference." Charles Alan Wright, et al., <u>Federal Practice and Procedure</u> § 2177 (2d ed. 1994)(quoting <u>Pilling v. Gen. Motors Corp.</u>, 45 F.R.D. 366, 369 (D.C. Utah 1968)). Bray's medical records could contain significant amounts of material beyond the scope of this interrogatory, and therefore, a general reference to his medical record is not proper without specifying pages or sections that are responsive. Thus, the Court requires the Defendants to respond with specificity to the interrogatory, and references to Bray's medical records shall direct Bray to the appropriate pages in those records.

*Interrogatory Nos. 6, 7, and 9 to Cooper, Reece, and Dr. Stipanuk*

Interrogatory No. 6 requests contact information for anyone who has knowledge of all instances in which a code white was called for the Plaintiff. Interrogatory No. 6 requests the Defendants to identify any documents with information related to all instances in which a code white was called for the Plaintiff. Interrogatory No. 9 seeks information on anyone who has made statements to each defendant related to the allegations made in the complaint. All three defendants objected to these interrogatories, arguing that

-5-

they are overly broad and unduly burdensome. Nevertheless, they referred Bray to his medical records.

As discussed above, mere reference to the medical records is not specific, and therefore, unresponsive to Bray's interrogatories. In addition, the Defendants have not provided the Court with any basis to support their argument that the interrogatories are overly broad or that it would be burdensome to respond to it. Thus, they have not met their burden, see Cory, 225 F.R.D. at 672, and the Court will require the Defendants to respond with specificity to these interrogatories. Because the Court has dismissed certain claims, the Defendants may respond to Interrogatory No. 9 with information related to statements made in regards to the pending allegations, as opposed to all the allegations in the original complaint.

*Interrogatory No. 10 to Cooper, Reece, and Dr. Stipanuk*

Interrogatory No. 10 requests the Defendants to state how many times each saw Bray in the medical department of the jail and to describe the "outcome of each visit." The Defendants all generally objected to this interrogatory by arguing that it is overly broad and unduly burdensome, but each referred Bray to his medical records. In addition, Cooper and Reece stated that they were not medical providers and did not treat or provide any care to Bray.

Although the general objections and references to the medical record suffer from the same deficiencies as the responses above, Cooper and Reece state that they did not treat Bray. Therefore,

-6-

they would not be able to respond to this interrogatory. The Court orders only Dr. Stipanuk to respond to the interrogatory with greater specificity, as discussed above.

*Interrogatory Nos. 11 and 12 to Dr. Stipanuk*

Interrogatory No. 11 requests Dr. Stipanuk to state the number of times Bray discussed his "broken back" with the doctor. Interrogatory No. 12 seeks information related to the number of times Bray voiced concerns about his CPAP and oxygen machine to Dr. Stipanuk. Dr. Stipanuk objected to this interrogatory by arguing that it is overly broad and unduly burdensome, but referred Bray to his medical records. For the same reasons set forth above, the Court requires Dr. Stipanuk to respond with specificity to these interrogatories.

*Interrogatory No. 13 to Dr. Stipanuk*

Interrogatory No. 13 requests information on whether Dr. Stipanuk had his personal CPAP machine in the medical department that he refused to let Bray use. Dr. Stipanuk responded that a CPAP machine was not clinically indicated for Bray. This answer is responsive to the interrogatory, and the Court will not order Dr. Stipanuk to respond further to the interrogatory.

B.  Document Requests

*Request for Production of Documents No. 1*

Request No. 1 seeks "[a]ll documents that contain, mention, construe, or refer to policies on the duties of the Defendant's [sic]." Defendants object to the request, arguing it is overly

-7-

broad, unduly burdensome, and not relevant.

As discussed above, the moving party bears the burden of establishing relevance. Courts generally give some leniency to pro se litigants. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); United States v. Ninety Three Firearms, 330 F.3d 414, 427 (6th Cir. 2003); In re Unsolicited Letters to Federal Judges, 120 F.Supp.2d 1073, 1074 (S.D. Ga. 2000). Nevertheless, "this leniency does not give a court license to serve as de facto counsel for a party." GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998).

The Court acknowledges that there may be certain policies that govern the Defendant's duties that would be relevant to the present action; however, all policies would likely involve matters well beyond the scope of this case. Because the Court does not know Bray's intended scope, it denies the motion with respect to this document request.

*Request for Production of Documents Nos. 2, 4, 11, 13, and 15*

Defendants have responded to Request Nos. 2, 4, 11, 13, and 15 by stating that they do not have control or possession of documents responsive to these requests. Federal Rule of Civil Procedure 34(a) states that a party may request documents "which are in the possession, custody or control" of another party. Because Defendants have stated that they do not control the documents requested, the Court denies the motion with respect to these five document requests.

*Request for Production of Documents Nos. 3, 6-10, 14, 18, and 19*

Defendants responded to Request Nos. 3, 6-10, 14, 18, and 19 with an objection based on breadth and burden of production. Nevertheless, Defendants referred to and attached exhibits to their responses. Although neither party attached these exhibits to the motion or its response, it appears to the Court that Defendants have responded to the document requests by providing these documents. Therefore, the Court denies the motion to compel with respect to these eight document requests.

*Request for Production of Documents No. 5*

Request No. 5 seeks "[a]ll documents that contain, mention, construe, or refer to policies that Correctional Medical Services gave to Shelby County in a bid for medical care for prisoner's [sic] at the Shelby County Justice Center." Defendants object to this request on the grounds that it is overly broad, unduly burdensome, and not relevant.

Shelby County contracts its medical services out to Correctional Medical Services ("CMS"), and part of Bray's complaint alleges that jail officials denied Bray's grievances on the ground that the officials have no control over CMS. (Order of Partial Dismissal dated Dec. 30, 2004, at 6.) Nevertheless, policies that CMS gave to the county in its bid would not necessarily govern its current contractual relationship. Even if the Court were to construe the request as one for the policies governing the current

contractual relationship between Shelby County and CMS, the bulk of the documents would not likely be relevant to the claims and defenses of this action. In addition, the Court cannot narrow this request. Therefore, the Court denies Bray's motion pertaining to this request.

*Request for Production of Documents No. 12*

Request No. 12 seeks "[a]ll documents that contain, mention, construe, or refer to anything created by the Monitor's overseeing the Medical Department." Defendants object to this request, arguing that it is overly broad, unduly burdensome, and not relevant. It is unclear who or what Bray refers to when mentioning the "Monitor." The only reference to a monitor in the pleadings comes from a grievance attached to Bray's complaint, which appears to state, "Would like to see the Federal Monitor over the jail if I can't see Dr. Stipanuk." (Complaint at 12.) This reference is insufficient for the Court to understand what documents Bray is seeking. Therefore, the motion is denied with respect to this request.

*Request for Production of Documents No. 17*

Request No. 17 seeks "[a]ll documents that contain, mention, construe, or refer to memo's [sic] created by any staff member from January 2004 to August 2004 concerning Plaintiff's medical care or when he asked the pod officer's [sic] for medical care and not included in items 1 thru 16." Defendants object to this request, arguing that it is overly broad, unduly burdensome, and not

-10-

relevant. They also refer Bray to his medical record.

Although this request is inartfully worded, Bray's intent is clear. To the extent that there are any responsive documents that were not produced pursuant to Request for Production Nos. 1-16, Bray seeks any documents mentioning any memorandum regarding Bray's medical care, which was written by jail staff members, and any documents indicating Bray's requests for medical care to any pod officer. In his complaint, Bray alleges that he was not provided with proper medical treatment. Thus, memoranda related to his medical care would be relevant to his claim. Similarly, any documents indicating that he requested medical care would also be relevant. Defendants have not demonstrated why the request is overly broad or how it would be unduly burdensome to produce these documents, if any exist. Therefore, Defendants are ordered to produce documents responsive to this request. If no documents are responsive or if all responsive documents were produced based on Request Nos. 1-16, the Defendants shall respond accordingly to this request.

*Request for Production of Documents No. 20*

Request No. 20 seeks "[a]ll documents that contain, mention, construe, or refer to the duties and job description and medical care for Prisoner's [sic] that Correctional Medical Services give to the Defendant's [sic]." Defendants object to this request, arguing that it is overly broad and unduly burdensome. They also refer Bray to the previous responses. Defendants appear to have

-11-

responded to this request by producing documents related to the positions of Medical Administrator, Nursing Director, Nurse Practitioner, Chief Jailer, and Medical Director. Without a more specific request, the Court finds that the Defendants have properly responded to this request.

### III. CONCLUSION

Accordingly, Bray's Motion to Compel Discovery is GRANTED in part and DENIED in part. To the extent the Court has granted the motion, Defendant shall respond to the specific discovery requests within twenty (20) days from the date of this order.

IT IS SO ORDERED.

*/s/ Tu M. Pham*
TU M. PHAM
United States Magistrate Judge

August 10, 2005
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 62 in case 2:04-CV-02626 was distributed by fax, mail, or direct printing on August 12, 2005 to the parties listed.

---

Stephen G. Smith
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Debra L. Fessenden
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

Gregory Bray
Northwest Correctional Complex
128878
960 State Route 212
Tiptonville, TN 38079

Jerry O. Potter
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT