IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY UW   D.C.

05 AUG 12 PM 5:02

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

GREGORY BRAY,

    Plaintiff,

vs.                                    No. <u>04-2626 MaP</u>

GERALD STIPANUK, ET AL.,

    Defendants.

---

**ORDER GRANTING IN PART DEFENDANTS' MOTION FOR AN
ORDER REQUIRING THE MEDICAL PROVIDERS OF THE PLAINTIFF
TO RELEASE THE PLAINTIFF'S MEDICAL RECORDS**

---

    Before the Court is Defendants Gerald Stipanuk, Tony Cooper, and Lyle Reece's Motion for an Order Requiring the Medical Providers of the Plaintiff to Release the Plaintiff's Medical Records, filed May 11, 2005 (dkt #36). Plaintiff Gregory Bray filed his response on May 18, 2005. For the following reasons, the motion to compel is GRANTED in part.

## I. BACKGROUND

    Bray, pro se, filed a complaint pursuant to 42 U.S.C. § 1983 on August 9, 2004 in connection with his confinement at the Shelby County Criminal Justice Center ("Jail"). The complaint asserts a number of claims about Bray's experiences at the Jail. Several claims and defendants have been dismissed by the Court, but claims related to the Jail's officials failing to provide adequate

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 8-15-05

63

treatment for his back injury and urination problems are still pending. (See Order of Partial Dismissal dated Dec. 30, 2004.) Apparently, Bray suffered a back injury when he fell in the Jail's showering facility on February 6, 2004. The complaint does not state, however, when Bray's problems related to his inability to control his bladder arose. Presumably, his urination problems originated prior to his detention at the Jail.

Defendants seek an order requiring medical providers to release Bray's medical records. They claim that these records are needed "so that a proper medical history of the plaintiff can be created." Bray argues that such an order would violate his privacy rights related to his medical records and that the request should be limited to medical records after January 23, 2004.[1]

## II. ANALYSIS

Courts have recognized an individual's privacy interest in his or her medical records. See Whalen v. Roe, 429 U.S. 589, 602 (1977); Doe v. SEPTA, 72 F.3d 1133, 1137 (3d Cir. 1995); Lankford v. City of Hobart, 27 F.3d 477, 479 (10th Cir. 1994); Gen. Motors Corp. v. Dir. of Nat'l Inst. of Occupational Safety and Health, 636 F.2d 163, 166 (6th Cir. 1980); Dodge v. Trustees of Nat'l Gallery of Art, 326 F.Supp.2d 1, 16 (D.D.C. 2004). "This privacy interest, however, is neither an absolute right nor dispositive in all

---

[1] It appears as thought January 23, 2004 was the date of Bray's initial detention. (See Motion to Leave to Proceed In Forma Pauperis, Aug. 9, 2004, at 3.)

-2-

circumstances." <u>In re Grand Jury Subpoena</u>, 197 F.Supp.2d 512, 514 (E.D. Va. 2002)(citing <u>Whalen</u>, 429 U.S. at 602; <u>SEPTA</u>, 72 F.3d at 1138). The privacy interest of a patient must be weighed against opposing interest in a particular set of circumstances. See <u>Whalen</u>, 429 U.S. at 602, 97 S.Ct. 869 (balancing possible harms against the state's interest in prescription drug reporting requirements); <u>SEPTA</u>, 72 F.3d at 1138 (balancing possible harms against an employer's need to access prescription records for the limited purpose of monitoring health care expenditures); <u>Taylor v. Best</u>, 746 F.2d 220, 225 (4th Cir. 1984) (balancing an inmate's privacy interest in his medical records with the public interests in assuring the security of prisons and in effective rehabilitation).

By alleging that Jail officials failed to treat properly his back and urination problems, Bray has put directly at issue his medical records concerning these injuries, which reduces his privacy interest. There is an important public interest in parties disclosing information that is at the center of a controversy so as to promote efficiency and justice. On balance, this Court finds that Bray's privacy interest with respect to his medical records concerning his back and urination problems are outweighed by the interests of an efficient and just resolution of a controversy. That does not, however, encompass all of Bray's medical records, and the Court limits discovery to medical records relating to back and urination problems. The Court also finds it appropriate to

require the Defendants to maintain the confidentiality of these documents and use them only for the purposes of this litigation. Cf. Irby v. Litscher, No 03-C-346, 2004 WL 225079, at *1 (W.D. Wis. Feb. 4, 2004)(implementing a similar restriction); LeFave v. Symbios, Inc., No 99-Z-1217, 2000 WL 1644154, at *5 (D. Colo. Apr. 14, 2000) (medical records to be disclosed pursuant to a confidentiality order).

In addition to the privacy interest, the Court must also consider the relevancy requirements of Federal Rule of Civil Procedure 26. Bray argues that Defendants' request is overly broad in that it is not limited to records made after January 23, 2004. A court may limit the temporal scope of an overly broad request. See Sonnino v. Univ. of Kansas Hosp. Auth., 220 F.R.D. 633, 654 (D. Kan. Mar. 31, 2004)(limiting discoverable information to a two year period); cf. Erotic Res., Inc. v. Dobson Aviation, Inc., No. 00-2099, 2001 WL 395397, at *3 (D. Kan. Apr. 11, 2001)(unpublished) (allowing discovery of financial information over a seven year period without considering a temporal limitation).

Bray alleges that he suffered a broken back when he fell in the shower on February 6, 2004, and that the Jail officials failed to treat him properly. However, there may be info revealing a preexisting back condition, which would be relevant to the offense. With respect to Bray's urination problems, it is not clear when these control problems originated, and therefore, the Court will not limit the discoverable material to a certain time period.

-4-

### III. CONCLUSION

For the reasons above, Defendant's motion is GRANTED in part. At the request of counsel for either party, health care professionals and facilities shall release Gregory Bray's medical records related to his back and spinal cord, and any medical records related to his inability to control urination. Counsel obtaining these records must keep the records confidential, but may permit examination by a party, consulting and retained experts, and other agents acting on behalf of counsel.

IT IS SO ORDERED.

TU M. PHAM
United States Magistrate Judge

August 12, 2005
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 63 in case 2:04-CV-02626 was distributed by fax, mail, or direct printing on August 15, 2005 to the parties listed.

---

Stephen G. Smith
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Debra L. Fessenden
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

Jerry O. Potter
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Gregory Bray
Northwest Correctional Complex
128878
960 State Route 212
Tiptonville, TN 38079

Honorable Samuel Mays
US DISTRICT COURT