IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY BRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. <u>04-2626 MaP</u> |
| | ) | |
| GERALD STIPANUK, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER GRANTING DEFENDANTS' MOTION TO AMEND ANSWER

Before the court is Defendants Gerald Stipanuk, Tony Cooper, and Lyle Reece's Motion to Amend Answer, filed June 16, 2005 (dkt #46). Plaintiff Gregory Bray filed his response on June 23, 2005. For the following reasons, the motion is GRANTED.

Defendants seek an order allowing them to file an amended answer that includes the following additional affirmative defenses:

> 8. These defendants aver that they are not liable under any theory including respondeat superior under 42 U.S.C. § 1983, the 8th Amendment or otherwise.
>
> 9. If the facts of this case, as developed during discovery or trial, reveal that the action was untimely filed, these defendants will rely upon the applicable statute of limitations and/or repose as a complete defense.
>
> 10. The damages, if any, recoverable in this action must be diminished or apportioned to the fault attributable to all persons and entities contributing thereto.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on  8-18-05

Defendants claim that "an examination of the facts and allegations pertinent to this case, including the plaintiff's complaint and medical records received to date, requires that the defendants offer additional affirmative defenses." (Motion at 1.) Bray argues that the motion should be denied because the Defendants did not consult with him prior to filing the motion.[1] He also states that Defendants' answers "are no different from their original answers to the complaint." (Response at 1.)

Rule 15(a) of the Federal Rules provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend a responsive pleading may be granted when the amendment does not serve a dilatory purpose, the opposing side will not suffer undue prejudice or surprise, and the amendment will not prove futile. Foman v. Davis, 371 U.S. 178, 182-83 (1962); Smith v. Sushka, 117 F.3d 965, 969 (6th Cir. 1997). Furthermore, the Supreme Court held that courts should liberally grant parties leave to amend. Foman, 371 U.S. at 182.

These amendments do not appear to serve a dilatory purpose, nor would they be futile. Furthermore, Bray does not contend nor

---

[1] Although it does appear that Defendants did not consult with Plaintiff prior to filing this motion, this violation of the Local Rules generally results in the motion being denied without prejudice, with a right to refile. Thus, the court will address the merits of the motion.

-2-

demonstrate that allowing Defendants to amend their pleading will have any prejudicial effect against his claim. Far from a surprise, Bray contends that the amended answers "are no different from their original answers to the complaint." A significant factor in persuading the court that there is no prejudicial effect is that Defendants' motion was filed within the deadline provided by the court in its Scheduling Order. Thus, allowing Defendants leave to amend will not result in the "unexpected ambush" that Federal Rule 8(c) was designed to protect against. See Robinson v. Johnson, 313 F.3d 128, 135 (3rd Cir. 2002) (quoting Perez v. United States, 830 F.2d 54, 57 (5th Cir. 1987)).

Moreover, Defendants seek to include these additional affirmative defenses through the proper channel afforded them by the Federal Rules - an amended pleading - rather than in a dispositve motion. Thus, the present case bears little resemblance to cases in which a party was denied the ability to raise affirmative defenses after its initial responsive pleading. See Scott v. Collins, 286 F.3d 923 (6th Cir. 2002) (holding that district court's sua sponte dismissal on statute of limitations grounds was improper because defendant waived the defense by failing to plead it); Harris v. Secretary, U.S. Dep't of Veterans Affairs, 126 F.3d 339 (D.C. Cir. 1997) (holding that affirmative defenses must be raised in a responsive pleading rather than in a dispositive motion).

For the reasons above, Defendants' motion is GRANTED.

IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge


_____
Date

-4-

IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge


August 16, 2005
Date

-4-

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 64 in case 2:04-CV-02626 was distributed by fax, mail, or direct printing on August 18, 2005 to the parties listed.

---

Stephen G. Smith
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Jerry O. Potter
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Debra L. Fessenden
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

Gregory Bray
Northwest Correctional Complex
128878
960 State Route 212
Tiptonville, TN 38079

Honorable Samuel Mays
US DISTRICT COURT