IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 DEC -9 PM 5: 34

THOMAS H. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF MEMPHIS

| | | |
|---|---|---|
| GREGORY BRAY, | Ⅹ | |
| | Ⅹ | |
| Plaintiff, | Ⅹ | |
| | Ⅹ | |
| vs. | Ⅹ | No.  04-2626-Ma/P |
| | Ⅹ | |
| DR.  GERALD STIPANUK, et al., | Ⅹ | |
| | Ⅹ | |
| Defendants. | Ⅹ | |
| | Ⅹ | |

___

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

___

On April 11, 2005, plaintiff Gregory Bray, Tennessee Department of Correction prisoner number 128878, who is currently an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a motion seeking appointment of counsel in this case. The individual defendants filed a response to the motion on April 21, 2005.

"There is no constitutional or . . . statutory right to counsel in federal civil cases." Farmer v. Haas, 990 F.2d 319, 323 (7th Cir. 1993). Pursuant to 28 U.S.C. § 1915(d), a district court is vested with discretion to appoint an attorney to represent an indigent party in a civil case. McMath v. Alexander, 486 F. Supp. 156, 157 (M.D. Tenn. 1980). No funds have been appropriated to pay the fees of any appointed counsel, however, and "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United

<u>States Dist. Court for the S. Dist. of Iowa</u>, 490 U.S. 296, 310 (1989). Generally, a court will only appoint counsel in exceptional circumstances. <u>Willett v. Wells</u>, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Although "no comprehensive definition of exceptional circumstances is practical," <u>Branch v. Cole</u>, 686 F.2d 264, 266 (5th Cir. 1982), courts resolve this issue through a fact-specific inquiry. <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986). Examining the pleadings and documents in the file, the Court analyzes the merits of the claims, the complexity of the case, the <u>pro</u> <u>se</u> litigant's prior efforts to retain counsel, and his ability to present the claims. <u>Henry v. City of Detroit Manpower Dep't</u>, 763 F.2d 757, 760 (6th Cir. 1985); <u>Wiggins v. Sargent</u>, 753 F.2d 663, 668 (8th Cir. 1985).

Nothing in the plaintiff's motion serves to distinguish this case from the numerous other lawsuits filed in this district by <u>pro</u> <u>se</u> litigants. Plaintiff's lack of education and his allegedly inadequate access to the law library are common to virtually all prisoners filing actions pursuant to 42 U.S.C. § 1983. Moreover, there is a severe shortage of attorneys willing to represent prisoners on a <u>pro</u> <u>bono</u> basis. As the plaintiff has demonstrated himself able adequately to represent himself in this action, the motion for appointment of counsel is DENIED.

IT IS SO ORDERED this ___9th___ day of December, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

2

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 115 in case 2:04-CV-02626 was distributed by fax, mail, or direct printing on December 13, 2005 to the parties listed.

Stephen G. Smith
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Debra L. Fessenden
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

Jerry O. Potter
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Gregory Bray
Northwest Correctional Complex
128878
960 State Route 212
Tiptonville, TN 38079

Honorable Samuel Mays
US DISTRICT COURT