IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ᵂᵏ D.C.

05 DEC -9 PM 5: 34

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|   |   |
|---|---|
| GREGORY BRAY,<br><br>    Plaintiff,<br><br>vs.<br><br>DR. GERALD STIPANUK, et al.,<br><br>    Defendants. | No. 04-2626-Ma/P |

ORDER GRANTING THE INDIVIDUAL DEFENDANTS'
MOTION FOR CLARIFICATION OF THE DECEMBER 30, 2004 ORDER

Plaintiff Gregory Bray, Tennessee Department of Correction prisoner number 128878, who is currently an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on August 9, 2004 in connection with his previous confinement at the Shelby County Criminal Justice Center ("Jail"), where his booking number was 04102539. The Court issued an order on December 30, 2004 that, inter alia, dismissed certain claims and defendants, pursuant to 42 U.S.C. § 1997e(a), for failure to exhaust and directed the Clerk to issue process for, and the marshal to effect service on, the remaining defendants, Dr. Gerald Stipanuk, Medical Administrator Tony Cooper, Nursing Director Lyle Reece (who is named in the complaint as "L. Reese"), and Shelby County. On March 28, 2005, the individual defendants filed a motion for clarification of the December 30, 2004 order, pursuant to Fed. R. Civ. P. 60(a), on the

ground that it was unclear which claims against defendant Stipanuk had been dismissed for failure to exhaust.

The complaint alleges, <u>inter alia</u>, claims against defendant Stipanuk for discontinuing plaintiff's potassium supplements, 12/30/04 Order at 4-5, and against the three individual defendants for failing adequately to treat the plaintiff's pain, <u>id.</u> at 5. The prior order concluded that the plaintiff had exhausted claims concerning his pain medication, as set forth in Grievance Nos. 80900 and 72208. <u>Id.</u> at 6-7. The order also stated that plaintiff did not exhaust his claim against defendant Stipanuk for discontinuing his potassium supplement. <u>Id.</u> at 8. As the individual defendants have apparently recognized, the statement on page 8 that "[t]he Court also DISMISSES the claim against defendant Stipanuk concerning the failures to test the plaintiff's blood <u>and the discontinuation of his pain medication</u>, without prejudice, pursuant to 42 U.S.C. § 1997e(a)," should read "[t]he Court also DISMISSES the claim against defendant Stipanuk concerning the failures to test the plaintiff's blood <u>and the discontinuation of his potassium supplement</u>, without prejudice, pursuant to 42 U.S.C. § 1997e(a)."

The Court GRANTS the individual defendants' motion for clarification of the December 30, 2004 order and VACATES the dismissal of the claim against defendant Stipanuk for discontinuation of the plaintiff's pain medication. The plaintiff's claim against defendant Stipanuk for discontinuation of his

potassium supplement is DISMISSED without prejudice, pursuant to 42 U.S.C. § 1997e(a), for failure to exhaust.

IT IS SO ORDERED this  9th  day of December, 2005.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 117 in case 2:04-CV-02626 was distributed by fax, mail, or direct printing on December 15, 2005 to the parties listed.

---

Debra L. Fessenden
SHELBY COUNTY ATTORNEY'S OFFICE
160 N. Main Street
Ste. 660
Memphis, TN 38103

Jerry O. Potter
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Gregory Bray
Northwest Correctional Complex
128878
960 State Route 212
Tiptonville, TN 38079

Stephen G. Smith
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT